NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50184 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02054-H-1 |
| v. | |
| GLORIA GAIL GILMORE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

Gloria Gilmore appeals her convictions for importation of methamphetamine

and conspiracy to import methamphetamine, in violation of 21 U.S.C. §§ 952, 960,

and 963.   We have jurisdiction under 28 U.S.C. § 1291.   We affirm.

Gilmore argues that the district court violated her Sixth Amendment right to

counsel of choice by denying a second attorney, who she contends would have

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeared pro bono, from acting as co-counsel alongside her appointed attorney in her one-day bench trial. Generally, we consider only the district court record on appeal. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). As Gilmore's counsel conceded at oral argument, she bears the burden of showing that her second counsel would have appeared pro bono. She has not met that burden here.

At a court hearing two days before trial, Gilmore's appointed counsel attempted to introduce his law partner as co-counsel. In so doing he mentioned only that his partner was also a member of the Criminal Justice Act (CJA) panel; he made no mention that his partner desired to assist pro bono, and the record does not reflect that the district court understood the request as such. In denying the request, the district court stated to Gilmore's appointed attorney, "I've appointed you, and it's just a single [appointment]," and also specifically noted, "It's not a capital case. It doesn't warrant two lawyers. You're the one that's appointed." These references to CJA requirements suggest the district court assumed both attorneys would be seeking payment and ruled that, because Gilmore's was not a capital case, the CJA did not entitle Gilmore to two attorneys. *See* 18 U.S.C. § 3005; *see also United States v. Waggoner*, 339 F.3d 915, 919 (9th Cir.

2

2003).

Critically, following the district court's initial ruling, Gilmore made no effort, either during the hearing or in a follow-up submission to the court, to clarify this issue. Because the pro bono status of Gilmore's presumptive co-counsel is simply not established in this record, we need not reach the issue of whether Gilmore, as an indigent defendant, has the right to pro bono counsel of choice under the Sixth Amendment.[1]

**AFFIRMED.**

---

[1] Gilmore also argues that *United States v. Ramos-Atondo*, 732 F.3d 1113 (9th Cir. 2013), and *United States v. Nicholson*, 677 F.2d 706 (9th Cir. 1982), were wrongly decided. She correctly acknowledges that they are binding precedent and simply raises the issue to preserve it for review.